# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **TIMOTHY JU'TODD BATEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:23-cv-01016** |
| | ) | **(Crim. No. 3:21-cr-00065-1)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM OPINION</u>

Timothy Batey, through counsel, has filed an amended[1] Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. No. 24). He argues that the Court should set aside his conviction in Case No. 3:21-cr-00065-1 due to ineffective assistance of trial counsel. The Government filed a response in opposition (Doc. No. 31), and Batey filed a reply (Doc. No. 32). This matter is ripe for review. For the following reasons, Batey's Motion will be denied.

## I.      Background

On September 27, 2021, Batey entered a plea of guilty to one count of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1). (Crim. Doc. No. 48).[2] His trial counsel filed objections to the Presentence Report ("PSR"). (Crim. Doc. No. 51). Batey's counsel objected to Batey's designation as an Armed Career Criminal ("ACC") under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), and his corresponding sentence enhancement under U.S.S.G.

---

[1] Batey initially filed a § 2255 motion pro se, which he then moved to amend. (Doc. Nos. 1, 10, 11). The Court appointed counsel to file an amended motion on Batey's behalf. (Doc. No. 12). Batey's counsel then filed the operative amended motion. (Doc. No. 24).

[2] The Court refers to documents filed in the underlying criminal case (No. 3:21-cr-00065-1) as "(Crim. Doc. No. ___)."

§ 4B1.4. (Crim. Doc. No. 51 at 1–9). Specifically, Batey's counsel asserted that the PSR erroneously counted five of Batey's prior Tennessee convictions as ACCA predicates (i.e., violent felonies): three juvenile convictions, and two adult convictions for aggravated assault in 2011 and 2016. (Id.). As is relevant here, Batey's counsel argued that the Court could not conclude that Batey's 2016 aggravated assault conviction ("Wayne County conviction") was a violent felony under the "modified categorical approach." (Id. at 3–4, 8–9); see also Mathis v. United States, 579 U.S. 500, 505 (2016) (citations omitted). The "modified categorical approach" dictates whether a conviction is a violent felony when the statute of conviction is divisible (i.e., defines multiple crimes), and allows the sentencing court to consult Shepard documents, including "the indictment, jury instructions, or plea agreement and colloquy" underlying the conviction. (Id.)

At sentencing, the Court held a hearing and overruled Batey's objections, finding that the PSR properly characterized his prior convictions as violent felonies. (Crim. Doc. No. 55). The Court sentenced Batey to 180 months' imprisonment, the mandatory minimum under the ACCA. (Crim. Doc. No. 64). Batey appealed his sentence. United States v. Batey, No. 22-5339, 2023 WL 2401193 (6th Cir. Mar. 8, 2023). On appeal, the Government conceded that his three prior juvenile convictions were not violent felonies. Id. at *2. Nevertheless, the Sixth Circuit affirmed Batey's sentence, holding that his 2011 aggravated assault conviction and his Wayne County conviction were violent felonies under the ACCA. Id. at *2–4. The court affirmed his ACC designation and the sentencing enhancement. Id.

Batey now resorts to § 2255 to challenge his sentence. His sole argument in this habeas proceeding is that his trial counsel provided ineffective assistance by failing to provide the Court with all of the Shepard documents from the Wayne County conviction. (See generally Doc. No. 24). Specifically, Batey asserts that his trial counsel should have given the Court the plea

2

agreement underlying the Wayne County conviction, which shows that he did not necessarily plead guilty to a violent felony. (See id. at 10–16). He claims that, had his trial counsel provided the plea agreement to the Court, there is at least a reasonable probability that the Court would have found that the Government failed to meet its burden of establishing that the Wayne County conviction was an ACCA predicate. (Id. at 14).

## II. Legal Standard

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (citation and quotation marks omitted). Batey's claim falls within the first category, because he argues that his Sixth Amendment right to effective assistance of counsel was violated. To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that: (1) his "counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003) (citing Strickland v. Washington, 466 U.S. 668, 694 (1984)). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694).

## III. Analysis

"When deciding ineffective-assistance claims, courts need not address both" the deficient performance and prejudice "components of the inquiry 'if the defendant makes an insufficient showing on one.'" Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697). Batey's claim fails on the deficient performance prong. He argues that his trial lawyer's performance was deficient because the trial lawyer did not provide the

3

Wayne County plea agreement—which was evidence in Batey's favor—to the Court. (See Doc. No. 24 at 7, 14–16). However, the Court re-examined the sentencing record in Batey's criminal case, and the Wayne County plea agreement was, in fact, attached to the PSR. (Crim. Doc. No. 67 at 80). Therefore, the Court possessed the plea agreement before ruling on Batey's trial counsel's objection to Batey's ACC designation and before sentencing Batey. As a result, there was no deficiency, so Batey's claim necessarily fails.

## IV. Conclusion

For the foregoing reasons, the Court finds that Batey is not entitled to habeas relief on his ineffective assistance of counsel claim. Accordingly, Batey's amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 24) is **DENIED** and his original 180-month sentence remains intact.

The Court "must issue or deny a certificate of appealability [("COA")] when it enters a final order adverse to" a § 2255 petitioner. Rule 11(a), Rules Gov'g § 2255 Cases. A § 2255 petitioner "may not" appeal a district court's denial of habeas relief without the issuance of a COA. 28 U.S.C. § 2253(c)(1)(B); see also Fed. R. App. P. 22(b)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner seeking a COA must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 357 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After thoroughly reviewing Batey's ineffective assistance of counsel claim and the legal and factual issues involved, the Court **DENIES** a certificate of appealability because reasonable jurists would not find the Court's rejection of the claim debatable or wrong.

4

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE